**WARD THREE DEMOCRATIC COMMITTEE et al., Appellants,**

**v.**

**UNITED STATES of America et al.**

**No. 78–1713.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 6, 1979.

Decided Oct. 23, 1979.

As Amended Oct. 29, 1979.

Joel D. Joseph, Washington, D. C., for appellants.

Frank A. Rosenfeld, Atty., Dept. of Justice, Washington, D. C., with whom Barbara Allen Babcock, Asst. Atty. Gen., Earl J. Silbert, U. S. Atty., and Leonard Schaitman, Atty., Dept. of Justice, Washington, D. C., were on the brief, for appellees.

Before MacKINNON and WILKEY, Circuit Judges, and GORDON, Senior District Judge.

Opinion for the Court filed by Senior District Judge JAMES F. GORDON.

JAMES F. GORDON, Senior District Judge.[1]

This matter reaches us upon dismissal by the District Court, for failure to state a claim upon which relief could be granted, of appellants' challenge of the constitutionality of a regulation (5 C.F.R. § 733.124 (1979)) promulgated by the Civil Service Commission under its authority to implement the Hatch Political Activity Act, 5 U.S.C.A. § 7324, *et seq.* (1967 & Supp. 1979).

The regulation under scrutiny finds its genesis in 5 U.S.C.A. § 7327(b) (1967) which provides:

> The Civil Service Commission may prescribe regulations permitting employees and individuals to whom section 7324 of this title applies to take an active part in political management and political campaigns involving the municipality or other political subdivision in which they reside, to the extent the Commission considers it to be in their domestic interest, when—
>
> (1) the municipality or political subdivision is in Maryland or Virginia and in the immediate vicinity of the District of Columbia, or is a municipality *in which the majority of voters are employed by the Government of the United States;* and
>
> (2) the Commission determines that because of special or unusual circumstances which exist in the municipality or political subdivision it is in the domestic interest of the employees and individuals to permit that political participation. (emphasis ours).

Acting pursuant to such authority, the Civil Service Commission promulgated and issued the challenged regulation which is identical to regulations issued with respect to a number of other federally impacted areas in the United States. In pertinent part, 5 C.F.R. § 733.124(a) (1979) provides that the Hatch Act proscriptions do

> not prohibit activity in political management or in a political campaign by an employee in connection with—
>
> (1) A nonpartisan election, or
>
> (2) Subject to the conditions and limitations established by the Commission, an election held in a municipality or political subdivision designated by the Commission under paragraph (b) of this section.[2]

---

1. James F. Gordon, Senior United States District Judge, Western District of Kentucky, sitting by designation pursuant to 28 U.S.C. § 294(d).

2. Paragraph (b) lists a number of municipalities, primarily in the Washington metropolitan area.

On the content of the record before us we are unable to address appellants' assertions of unconstitutionality for nowhere do we find factual establishment in the District Court that "the majority of voters are employed by the Government of the United States," and this determination is essential to the Commission's power to regulate, as its actions must be based upon the second alternative of subsection 7327(b)(1). See, *Joseph v. United States Civil Ser. Comm'n*, 554 F.2d 1140, 1155, 1157 (D.C.Cir. 1977).[3] Therein lies the problem.

Though we recognize the parties here agree among themselves that this "majority of voters" requirement in fact is met and exists, absent some authoritative statistical factual establishment, we are confronted with the not yet faced problem of possible lack of the Commission's basic authority—or, to put it another way, we could be countenancing regulation by agreement of these particular litigants rather than requiring regulation only if justified by the statutory standard. We refuse to assume the risk of that possibility.[4]

Accordingly, we remand this action to the District Court for the necessary inquiry and its resolution of this threshold uncertainty. We also direct the District Court's attention to the question of the legitimacy of the Commission's assertion to us during oral argument that *family members* of employees of the United States may be counted in

achieving the "majority" mandated by 5 U.S.C.A. § 7327(b)(1) (1967).

Remanded for further proceedings.

**3.** Judge Tamm speaking for the Court said, "If the Civil Service Commission does have power . . . ., it must be on the basis of the second alternative of subsection 7327(b)(1) that the District 'is a municipality in which the majority of voters are employed by the Government of the United States. . . .'" 554 F.2d at 1155, and further at page 1157 said, "[w]e could not uphold a claim of Commission authority to act under subsection 7327(b)(1) based on the tenuous statistical evidence presented in this case. . . . The fact that a majority of voters in an area are employed by the Government must be established by more satisfactory statistical proof."

**4.** That there is a real possibility that the required "majority of voters . . . employed by the Government of the United States" does not exist is shown by the absence of reliable

figures in the record. *It was asserted at oral argument that there are 269,000 registered voters and 135,000 U.S. Government employees. Appellees' brief also states:*

We have been informed by the Merit Systems Protection Board, however, that more reliable statistical evidence was also used [than in the *Joseph* case], including a published statistical survey in the Washington *Star-News*, March 18–20, 1974, which was studied by the CSC and found to be 95% reliable. (Appellees' Brief p. 13.)

At first blush this does not appear to be a sufficiently reliable basis for asserting the claimed authority.

How many of the employees are also voters is not shown, but it is apparent even on the claims of the parties that almost every employee needs to be a voter for the statutory majority to be reached.